# Tracy J. Harkins, Attorney at Law

48 Birch Hill Road
Mt. Sinai, New York 11766
Telephone and Facsimile (631) 476-3750
email: tjharkinsesq@optonline.net

BY ECF

December 15, 2014

Catherine O'Hagan Wolfe, Clerk
U.S. Court of Appeals, Second Circuit
40 Foley Square
New York, NY 10007

Re: **NYS Professional Process Servers Assoc., Inc. et. al. v. City of New York, et. al.
Case No.: 14-3390**

Dear Clerk O'Hagan Wolfe,

Pursuant to F.R.A.P. 28(j), Appellant would like to bring the case of **Cleavinger v. Saxner, 474 US 193 (1985)**, addressing the issue of judicial immunity in administrative proceedings, to the attention of the Court.

Cleavinger, 474 U.S. at 203-204, provides additional support for Appellants' position that because the Defendant/Appellee NYC Department of Consumer Affairs' Administrative Law Judges (DCA ALJs) are DCA officials and employees (Am. Complt. ¶¶ 12, 25; App. A19, A29-A30) (See also 6 RCNY §6-54); are direct subordinates subject to the supervision or direction of DCA officials, employees, or agents engaged in the performance of investigative or prosecution functions for the agency (Am. Complt. ¶28; App. A31-A32) (6 RCNY §6-02); whose decisions are subject to review and modification by the DCA Director of Adjudication [6 RCNY §6-34(8); 6 RCNY §6-61], DCA ALJs, unlike a federal or state judge, are not "independent". They preside over proceedings in which a fellow employee lodges the charge against the process server against whom they sit in judgment. The credibility determination they make is often one between a co-worker and a process server. They are under express and implied pressure to resolve a disciplinary dispute in favor of the DCA and their fellow employee. There was no enforcement of the burden of proof. Information presented often is hearsay or self-serving. In sum, apart from Appellant/Plaintiffs' allegations that Appellee/Defendants acted with complete absence of jurisdiction, the Amended Complaint also alleges facts, supported by statutory authority submitted in Appellants' Brief and undisputed by Appellees' Brief, permitting the reasonable inference that DCA ALJs role and function has no identification with the judicial process of the kind and depth that has occasioned absolute immunity.

Respectfully,

s/Tracy J. Harkins

TRACY J. HARKINS

/tjh