14-3390-cv
*Howard D. Clarke, et al., v. Bill de Blasio, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

**PRESENT:**
        GUIDO CALABRESI,
        PETER W. HALL,
        SUSAN L. CARNEY,
            *Circuit Judges.*

---

**Howard D. Clarke, et al.,**

    *Plaintiffs-Appellants*,

    v.                                     14-3390-cv

**Bill de Blasio, et al.,**

    *Defendants-Appellees*.[1]

---

**FOR PLAINTIFF-APPELLANT:**        TRACY J. HARKINS, Mt. Sinai, NY.

**FOR DEFENDANTS-APPELLEES:**    DRAKE COLLEY, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

---

[1] The caption has been amended for the purposes of the summary order.

1

        WALTER A. KRETZ, JR., Scoppetta
Seiff Kretz & Abercrombie, New
York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants New York State Professional Process Servers Association, Inc., Howard D. Clarke, and Stephen Boyko, Inc., (collectively, "Plaintiffs") brought this class action against the City of New York and thirty-eight individual defendants (collectively, "Defendants") in their official and individual capacities. Plaintiffs appeal from a judgment of the district court dismissing their claims against Defendants, arguing, *inter alia*, that they were entitled to relief under 42 U.S.C. § 1983 because Defendants acted *ultra vires* in adjudicating alleged violations of process server regulations and violated Plaintiffs' procedural due process rights in denying renewal of process server licenses absent a hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006) (internal quotation marks omitted). A plaintiff must allege sufficient facts to state a claim of relief that is "plausible on its face." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that

2

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

On review of the record, we conclude for substantially the same reasons as did the district court in its thorough opinion and order that Plaintiffs' amended complaint fails to allege facts sufficient to withstand a Rule 12(b)(6) motion to dismiss. *New York State Prof'l Process Servers Ass'n, Inc. v. City of New York*, No. 14 CIV. 1266 DLC, 2014 WL 4160127 (S.D.N.Y. Aug. 18, 2014). In particular, we hold that Plaintiffs' factual allegations do not support their claim that Defendants acted *ultra vires* in administratively enforcing violations of Title 20 of the Administrative Code, which governs the oversight of process server licensing. On the contrary, we agree with the district court that several provisions of the Administrative Code together with provisions of the City Charter provide substantial authority to Defendants to oversee, regulate and enforce the laws governing process server licensing. *Id.* at *4-6.

We also agree with the district court that Plaintiffs' procedural due process claim fails. Plaintiffs do not allege sufficient facts to demonstrate that absent a hearing Defendants' denial of process server licenses rises to the level of a procedural due process violation. As the district court explained, Defendants are given great discretion in determining whether to renew a license and neither the Administrative Code nor the City Charter requires Defendants to grant a renewal on the condition that certain criteria are met. *Id.* at *8. Plaintiffs fail to demonstrate a cognizable property interest and "legitimate claim of entitlement" so as to warrant a hearing in connection with the denial of renewal of their process server licenses. *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009).

We have considered all of Plaintiffs' remaining arguments, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of Defendants' motion to dismiss.

                                      FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk